UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TENAYA N. TUBBS, as next
friend for N.P.S.W., a minor,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　Case No. 1:11-cv-1046
　　　　　　　　　　　　　　　　　　　　　　　Hon. Hugh W. Brenneman, Jr.
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION

Plaintiff, Tenaya N. Tubbs, as next friend of the claimant N.P.S.W.,[1] brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying N.P.S.W.'s claim for Supplemental Security Income (SSI).

Claimant was born on September 21, 2003 (AR 104).[2] She was awarded benefits on January 16, 2004, due to prematurity of birth with a birth weight under 1200 grams, which equaled Listing 100.02 (growth impairment) (AR 21). The Social Security Administration (SSA) determined that claimant's disability ceased on January 1, 2005 (AR 31). Claimant, through her mother, subsequently filed an application for SSI on November 19, 2008 (AR 17). Claimant was found disabled beginning November 1, 2008 (AR 17). The issue on this appeal is whether claimant was disabled from January 1, 2005, when it was determined that her disability ceased, through October

---

[1] This issues raised in this matter involve both the plaintiff, Tenaya Tubbs, and the claimant, her minor daughter N.P.S.W.

[2] Citations to the administrative record will be referenced as (AR "page #").

31, 2008, the day before claimant was granted benefits from the later application (AR 17). An Administrative Law Judge (ALJ) reviewed plaintiff's claim *de novo* without a hearing (pursuant to 20 C.F.R. § 416.1448(b)), and entered a decision denying the claim on November 6, 2009 (AR 17-28). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the court for review.

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

### A. The initial determination of disability

A claimant must prove that she suffers from a disability in order to be entitled to benefits. An individual under the age of 18 shall be considered disabled if the child

> has a medically determinable physical or mental impairment which results in marked and severe functional limitations, and which can be expected to result in death, or which has lasted, or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 1382c(a)(3)(C)(i).

The Commissioner uses a three step process to determine whether a child is disabled under the Act:

> First, the child must not be engaged in substantial gainful activity; second, the child must have a severe impairment; and third, the severe impairment must meet, medically equal or functionally equal one of the impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. § 416.924.

*Elam ex rel. Golay v. Commissioner of Social Security*, 348 F.3d 124, 125 (6th Cir. 2003). The criteria for functional equivalence to a listed impairment are set out in 20 C.F.R. § 416.926a, which divides the child's functions into six "domains": (1) Acquiring and using information; (2) Attending and completing tasks; (3) Interacting and relating with others; (4) Moving about and manipulating objects; (5) Caring for yourself; and (6) Health and physical well-being. *Kelly v. Commissioner of Social Security*, 314 Fed. Appx. 827, 832 (6th Cir. 2009), citing 20 C.F.R. § 416.926a(b)(1). "To establish a functional impairment equal to the listings, the claimant has to show an extreme limitation in one domain or a marked impairment in more than one." *Id.*, citing 20 C.F.R. § 416.926a(d).

### B. Review of the child's continued eligibility for benefits

Once a disability is established, the Commissioner must periodically review whether the disabled child continues to be eligible for benefits.

> Not less frequently than once every 3 years, the Commissioner shall review . . . the continued eligibility for benefits under this subchapter of each individual who has not attained 18 years of age and is eligible for such benefits by reason of an impairment (or combination of impairments) which is likely to improve (or, at the option of the Commissioner, which is unlikely to improve).

42 U.S.C. § 1382c(a)(H)(ii)(I).

The regulations provide a three-step process for reviewing a disabled child's continued eligibility for benefits. At step one of this process, the Commissioner determines whether there has been any "medical improvement" in the impairments that the child had at the most recent favorable determination that she was disabled (i.e., the "comparison point decision" or "CPD"). 20 C.F.R. § 416.994a(b)(1). The regulations define "medical improvement" as follows:

> Medical improvement is any decrease in the medical severity of your impairment(s) which was present at the time of the most recent favorable decision that you were disabled or continued to be disabled. Although the decrease in severity may be of any quantity or degree, we will disregard minor changes in your signs, symptoms, and laboratory findings that obviously do not represent medical improvement and could not result in a finding that your disability has ended. A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs, or laboratory findings associated with your impairment(s).

20 C.F.R. § 416.994a(c).

If no medical improvement has occurred, the child continues to be disabled unless an enumerated exception applies. "If there has been no medical improvement [the Commissioner] will find that [the child's] disability continues" unless certain limited exceptions to medical improvement apply. 20 C.F.R. §§ 416.994a(b)(1)(i) and (ii); 416.994a(e) and (f); Social Security

4

Ruling ("SSR") 05–03p, 2005 WL 1041037 at 1*-3* ("At each step of the process, certain 'exceptions to medical improvement' may apply, under which disability can be found to have ended even though medical improvement has not occurred. (20 CFR 416.994a(e)-(f).").[3]

If medical improvement has occurred, the Commissioner proceeds to step two. 20 C.F.R. § 416.994a(b)(2); SSR 05–03p, 2005 WL 1041037 at *1. If the CPD was made on or after January 2, 2001 and was based upon functional equivalence to a listed impairment (as in plaintiff's case), then the Commissioner only needs to determine whether the impairment now functionally equals a listed impairment. 20 C.F.R. § 916.994a(b)(2); SSR 05-03p, 2005 WL 1041037 at *1-*3. If the impairment still functionally equals a listed impairment, then disability benefits will continue. *Id.* If the impairment does not, the Commissioner will proceed to step three. *Id.*

At step three, the Commissioner must determine whether the child is currently disabled in accordance with the rules for determining disability for children. 20 C.F.R. § 416.994a(b)(3). In determining whether a child is currently disabled, the Commissioner will consider all of the impairments that the child now has, including those not had at the time of the CPD, or those that the Commissioner did not consider at that time. *Id.* The steps in determining a current disability are summarized at 20 C.F.R. § 416.994a(b)(3):

> (i) Do you have a severe impairment or combination of impairment [sic]? If there has been medical improvement in your impairment(s) . . . we will determine whether your current impairment(s) is severe, as defined in § 416.924(c). If your

---

[3] SSR's "are binding on all components of the Social Security Administration" and "represent precedent final opinions and orders and statements of policy and interpretations" adopted by the agency. 20 C.F.R. § 402.35(b)(1). While SSR's do not have the force of law, they are an agency's interpretation of its own regulations and "entitled to substantial deference and will be upheld unless plainly erroneous or inconsistent with the regulation." *Kornecky v. Commissioner of Social Security*, 167 Fed.Appx. 496, 498 (6th Cir. 2006), quoting *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 549 (6th Cir.2004) (citations omitted).

impairment(s) is not severe, we will find that your disability has ended. If your impairment(s) is severe, we will then consider whether it meets or medically equals the severity of a listed impairment.

(ii) Does your impairment(s) meet or medically equal the severity of any impairment listed in appendix 1 of subpart P of part 404 of this chapter? If your current impairment(s) meets or medically equals the severity of any listed impairment, as described in §§ 416.925 and 416.926, we will find that your disability continues. If not, we will consider whether it functionally equals the listings.

(iii) Does your impairment(s) functionally equal the listings? If your current impairment(s) functionally equals the listings, as described in § 416.926a, we will find that your disability continues. If not, we will find that your disability has ended.

20 C.F.R. § 416.994a(b)(3)(i), (ii) and (iii).

## II. ALJ'S DECISION

The issue before the ALJ was whether claimant continued to be disabled between January 1, 2005 and October 31, 2008 (AR 17). In reaching this determination, the ALJ did not disturb the determination that claimant was determined disabled as of November 1, 2008 (AR 17). The ALJ found that the CPD for claimant was the January 16, 2004 determination of disability, which awarded her benefits due to prematurity of birth, a condition which equaled Listing 100.02 (growth impairment) (AR 21). The SSA determined that medical improvement occurred on January 1, 2005 (AR 21). At that time claimant: weighed 21.2 pounds; was 29 inches tall; had a history of anemia but no treatment for it; imitated family members; said 4 to 6 words; ran; followed one step commands without gestures at age 17 1/2 months; gained weight; was growing well; and was in the 10th percentile for height and weight (AR 21).

The ALJ determined that from January 1, 2005 going forward, the impairment claimant had at the time of the CPD (premature birth) had not met or medically equaled Listing 100.02, and that from January 1, 2005 through October 31, 2008, the impairment that claimant had

6

at the time of the CPD did not functionally equal a listed impairment (AR 21). The ALJ also determined that from January 1, 2005 through October 31, 2008, claimant's impairments had caused no more than minimal functional limitations and that she no longer has an impairment or combination of impairments that was severe under 20 C.F.R. § 416.924(c) (AR 27).

Accordingly, the ALJ found that claimant's disability ended as of January 1, 2005, and that she was not disabled through October 31, 2008, the day before the filing of her subsequent application for SSI benefits (AR 28).

### III. ANALYSIS

Plaintiff raised four issues on appeal:

**A.   The Commissioner's decision is not based on substantial evidence because he failed to state what evidence supported his findings.**

**B.   The Commissioner's decision is not based on substantial evidence because he did not consider all of claimant's impairments when he determined that she was not disabled from January 1, 2005 through October 31, 2008.**

**C.   The Commissioner's decision is not based on substantial evidence because the ALJ failed to develop the record by obtaining additional evidence and/or by reviewing the evidence in the claim file that served as the basis for claimant being disabled beginning November 1, 2008.**

Plaintiff contends that this matter should be remanded because the ALJ failed to state the evidence which he relied upon in reaching his decision. In related arguments, plaintiff contends that the ALJ did not consider all of her impairments and that he failed to review the evidence in the claim file that served as the basis for plaintiff being disabled as of November 1, 2008. The medical record relied upon by the ALJ included 10 exhibits (1F through 10F), consisting of over 100 pages

(AR 164-267). The crux of the ALJ's decision is his analysis that claimant's impairments did not functionally equal a listed impairment, because she did not have an extreme limitation in one domain or a marked impairment in more than one domain (AR 21-27). However, the ALJ did not cite any particular evidence in support of his analysis of the six domains. The ALJ's analysis does not refer to exhibits, citing instead non-specific sources such as "office appointments," "records" or "documentary evidence" (AR 23-27).[4]

The Commissioner must provide a statement of evidence and reasons on which the decision is based. *See* 42 U.S.C. § 405(b)(1). While it is unnecessary for the ALJ to address every piece of medical evidence, *see Heston*, 245 F.3d at 534-35, an ALJ "must articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning." *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). "It is more than merely 'helpful' for the ALJ to articulate reasons . . . for crediting or rejecting particular sources of evidence. It is absolutely essential for meaningful appellate review." *Hurst v. Secretary of Health and Human Servs.*, 753 F.2d 517, 519 (6th Cir. 1985), *quoting Zblewski v. Schweiker*, 732 F.2d 75, 78 (7th Cir.1984). Here, the ALJ has failed to articulate an analysis of the evidence sufficient to allow a meaningful appellate review.

This matter will be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner should re-evaluate the medical evidence, setting forth claimant's medical history in detail and addressing the evidence which supports his decision.

---

[4] The court notes that while defendant's brief discusses the medical evidence in some detail, *see* defendant's brief at pp. 5-9, this type of specificity is absent from the ALJ's decision.

**D. The ALJ denied claimant due process when his staff essentially demanded a waiver of hearing from plaintiff (her mother) under the circumstances of this case.**

Plaintiff, on behalf of herself and claimant, contends that their due process rights were violated when a case technician demanded that plaintiff execute a waiver of hearing. The Social Security Act provides in pertinent part that "the Commissioner shall give such applicant and such other individual reasonable notice and opportunity for a hearing with respect to" any decision involving a "determination of disability and which is in whole or in part unfavorable to such individual . . ." 42 U.S.C. § 405(b)(1). "[B]oth the Social Security Act and basic principles of due process require that a claimant receive meaningful notice and an opportunity to be heard before his claim for disability benefits can be denied." *Hollon ex rel. Hollon v. Commissioner of Social Security*, 447 F.3d 477, 488-89 (6th Cir. 2006). The due process afforded to Social Security claimants is set forth in 20 C.F.R. § 416.1450 and Social Security Ruling (SSR) 79-19. *Id.* at 489.

A claimant's due process rights under 20 C.F.R. § 416.1450 include his or her right to waive appearance at the administrative hearing:

> Waiver of the right to appear. You may send the administrative law judge a waiver or a written statement indicating that you do not wish to appear at the hearing. You may withdraw this waiver any time before a notice of the hearing decision is mailed to you. Even if all of the parties waive their right to appear at a hearing, we may notify them of a time and a place for an oral hearing, if the administrative law judge believes that a personal appearance and testimony by you or any other party is necessary to decide the case.

20 C.F.R. § 416.1450(b).

SSR 79-19 ("Waiver of personal appearance at a hearing") sets forth the requirements for such waiver:

> An individual or the individual's authorized representative may waive the right to personal appearance at a hearing only by a writing signed by the individual or the authorized representative which shows:
>
> > 1. a thorough explanation of the hearing procedure has been given;
> >
> > 2. the right to personal appearance at the hearing to testify and present evidence has been explained;
> >
> > 3. an explanation has been given of the right to representation at the hearing by an attorney or other person of the individual's choice;
> >
> > 4. it has been explained that, in some cases, additional evidence obtained thorough oral testimony and personal presence before the presiding officer may be of value in evaluating the issues;
> >
> > 5. the individual has been advised that, if he or she does not appear, the claim will be decided solely on the written evidence then in file plus any additional evidence submitted by the individual or the representative or obtained by the hearing officer.
> >
> > 6. the individual has been advised that he or she may withdraw the waiver of the right to appear at the hearing at any time prior to mailing of the notice of the decision.

SSR 79-19, 1979 WL 15541 at *2-*3.

Plaintiff contends that she was pressured into waiving her right to appear at the hearing. Plaintiff's Brief at p. 14. This does not appear to be the case. The record reflects that plaintiff spoke with a case technician on September 29, 2009 with respect to the administrative hearing (AR 159-60). The agency records (i.e., a "Report of Contact" via telephone) reflect that plaintiff "expressed that she has no transportation and does not wish to attend a hearing" (AR 159). The case technician recommended that plaintiff and the claimant attend the hearing (AR 159). However, plaintiff expressed a desire not to attend the hearing, so the technician agreed to send plaintiff a "waiver of oral hearing form" (AR 159). The waiver form was mailed to plaintiff in a letter dated September 29, 2009, with instructions on how to complete the waiver (AR 160). In a

subsequent letter dated October 9, 2009, the case technician advised plaintiff that the agency had received the claimant's school progress reports and attendance records and advised plaintiff that if there were no further school records or other pertinent evidence necessary to complete the claimant's file, then she could complete the waiver and submit it (AR 163). Plaintiff submitted a waiver dated October 4, 2009, which the agency received on October 20, 2009 (AR 100). This form advised plaintiff of her rights as set forth in SSR 79-19.

The record reflects that the agency did not violate plaintiff's or claimant's due process rights and that plaintiff knowingly and intelligently waived the right to appear at a hearing before an ALJ, after having ample opportunity to consider the matter. This claim of error will be denied.

## IV. CONCLUSION

The ALJ's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision will be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner should re-evaluate the medical evidence, setting forth claimant's medical history in detail and addressing the evidence which supports his decision. A judgment order consistent with this opinion will be issued forthwith.


Dated: March 28, 2013                              /s/ Hugh W. Brenneman, Jr.
                                                   HUGH W. BRENNEMAN, JR.
                                                   United States Magistrate Judge